IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| **TRUONG SON MARKET, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:21-cv-02058-PKH |
| § | |
| **STATE AUTO PROPERTY AND** § | |
| **CASUALTY INSURANE COMPANY,** § | |
| § | |
| Defendant. § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff, Truong Son Market, Inc., files this Original Complaint and would show:

### PARTIES

1. Plaintiff, Truong Son Market, Inc. ("TSM") is an Arkansas Corporation with its principal place of business in Fort Smith, Arkansas. The property that is the subject of this lawsuit is located in Fort Smith, Arkansas.

2. Defendant, State Auto Property and Casualty Insurance Company ("State Auto"), is an Ohio Corporation, with its principal place of business located at 518 East Broad Street, Columbus, OH 43215. It can be served with process through its agent for service of process, Corporation Service Company, 211 East 7th St, Suite 620, Austin, TX 78701-3218.

### JURISDICTION AND VENUE

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). State Auto is a citizen of Ohio. TSM is a citizen of Arkansas. An actual controversy exists which arises from damage to TSM's real and personal property in Fort Smith, AR. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the subject property is located in this Court's judicial district.

## FACTUAL BACKGROUND

5. Plaintiff and Defendant entered into an insurance contract identified as Policy PBP 2546829 (the "Policy") to insure the real and personal property located at 4000 O Street, Fort Smith, AR 72904 (the "Property"). The Policy covered, among other causes of loss, hail and wind losses which occurred between January 8, 2019 and January 8, 2020. On or about May 29, 2019, the Property was damaged due to a catastrophic hail and windstorm.

6. Plaintiff retained a roofing contractor to investigate whether the Property had evidence of weather damage and to help file a claim with Defendant, if necessary. After filing a claim with Defendant, Plaintiff's roofing contractor and Defendant's adjuster inspected the roofing system on June 11, 2020. Importantly, the Parties discussed Plaintiff's roofing contractor's position that the roof required complete replacement as a result of the damage.

7. On or about July 31, 2020, Defendant then submitted an estimate to the insured which provided for a replacement cost of $43,666.96. The scope of work anticipated by the estimate was diametrically opposed to the previously disclosed position of the insured's roofing contractor.

8. Because the Parties were at an impasse regarding the scope of work to be performed at the Property, Plaintiff then demanded that Defendant participate in the contractual appraisal process to resolve the dispute as to the amount of loss. On December 8, 2020, Defendant sent a letter refusing to participate in appraisal and admitting that it had not completed its investigation as to the cause and scope of the loss in violation of *Ark. Ins. Rule & Reg. 43 § 8*.

9. Defendant is in breach of the Contract because of its failure to pay the total amount for covered damages in the amount of $1,123,634.00 and its refusal to participate in appraisal constitutes evidence of its bad faith intent.

## CAUSES OF ACTION

10. **Breach of Contract.** TSM incorporates the allegations of paragraphs 5-9 the same as if fully set forth herein. TSM and State Auto entered into an insurance contract identified as the Policy. TSM complied with all provisions of the insurance policy, including but not limited to payment of the premiums and timely notice of the loss. State Auto breached a material provision of the contract by refusing to pay replacement cost and liquidated damages owed under the Policy after a Covered Cause of Loss. TSM was damaged by State Auto's breach.

11. **Bad Faith.** TSM incorporates the allegations of paragraphs 5-9 the same as if fully set forth herein. State Auto failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the claim when its liability was reasonably clear. State Auto is liable for 12% damages as well as attorney's fees pursuant to Ark. § 23-79-208 as well as damages for the tort of bad faith identified in Arkansas Model Jury Instruction-Civil Chapter 23.

## JURY DEMAND

12. **Jury Demand.** TSM demands a jury.

## PRAYER

13. TSM prays that State Auto be cited to appear and answer herein and upon hearing that TSM recover judgment against State Auto for the following:

   a. Contractual damages;

   b. Attorney's fees for services rendered and that are allowed by law;

   c. Post-judgment interest and costs;

   d. Statutory damages;

    e.    Tort damages;

    f.    Exemplary damages; and

    g.    All other relief to which Plaintiff may show itself entitled in law or in equity.

    Respectfully Submitted,

/s/ Benjamin D. Doyle
BENJAMIN D. DOYLE
Arkansas State Bar No.: 2020293
**STOCKARD, JOHNSTON**
**BROWN & NETARDUS, P.C.**
P.O. Box 3280
Amarillo, Texas 79116-3280
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com
**ATTORNEYS FOR PLAINTIFF**