UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRUONG SON MARKET, INC. and
4 STAR GENERAL CONTRACTING, INC.                                    PLAINTIFFS

v.                                      No. 2:21-CV-02058

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY                                           DEFENDANT

**OPINION AND ORDER**

Before the Court is Plaintiffs Truong Son Market, Inc.'s ("TSM") and 4 Star General Contracting, Inc's ("4 Star") motion (Doc. 38) to compel discovery. Defendant State Auto Property and Casualty Insurance Company ("State Auto") filed a response (Doc. 41). Plaintiffs' motion will be GRANTED IN PART and DENIED IN PART.

**I.      Background**

This case arises out of an insurance contract identified as Policy PBP 2546829 (the "Policy") entered into between TSM and State Auto which provided for coverage of real and personal property owned by TSM in Fort Smith, Arkansas (the "Property"). TSM alleges that in May 2019 the Property sustained hail and wind damage which caused covered damage in the amount of $1,123,634.00. State Auto only paid $43,666.96 under the Policy and denied the remainder of the claim. TSM filed the instant action alleging claims for breach of contract and the tort of bad faith, and later assigned recovery of the breach of contract claim to 4 Star.

Plaintiffs filed the instant motion to compel State Auto to produce certain discovery information and documents.

**II.     Legal Standard**

Under the Federal Rules, "[p]arties may obtain discovery regarding any nonprivileged

1

matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Importantly, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Federal district courts are vested with very wide discretion in determining the scope of discovery. *See, e.g.*, *Gov't of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 344 (8th Cir. 2012) (observing "appellate review of a district court's discovery rulings is both narrow and deferential," and will not be reversed "absent a gross abuse of discretion resulting in fundamental unfairness in the trial of the case" (internal alterations and quotation marks omitted)).

**III.   Discussion**

Plaintiffs seek eight categories of information, which the Court will address in turn.

**1.   Procedure Manual and Training Information[1]**

Plaintiffs seek information regarding State Auto's training of agents or employees who participated in TSM's claim, claims procedure manuals, documents from the last four years addressing how commercial property insurance claims are investigated and evaluated, training manuals and documents from the last five years, and documentation, policy, and procedure manuals used to train employees for identifying hail damage or segregating damage amongst multiple causes. State Auto objected to these requests on the basis that they were overly broad and unduly burdensome to obtain. State Auto argues that only three of the requests for production contain temporal limitations, and "none of the[] requests are limited to the employees who handled [TSM's] claim." (Doc. 41, p. 5-6). State Auto further alleges that these requests are irrelevant to any party's claims or defense. However, information on the claims handling training and

---

[1] This category of information is sought through Interrogatory 12 and Requests for Production 4, 5, 8, and 17 (Doc. 38-2, pp. 9, 13-14, 16).

2

procedures State Auto provides to its employees is directly relevant to Plaintiffs' claim of bad faith. *See Moore v. State Farm Mut. Auto. Ins. Co.*, No. CV 09-5236, 2010 WL 11565345, at *7 (W.D. Ark. Nov. 23, 2010). Though State Auto argues in its response that Plaintiffs have not adequately alleged a cause of action for bad faith under Arkansas law, this Court has issued no order dismissing this claim. If State Auto believes Plaintiffs have not adequately alleged a bad faith claim, then State Auto may file a properly briefed motion to dismiss. State Auto may not withhold otherwise relevant discovery materials based on its own determination that a claim is without merit.

However, the Court finds that Plaintiffs' discovery requests are overbroad to the extent they seek training materials distributed prior to TSM's filing of the Subject Claim with State Auto and after the filing of this lawsuit. As such, State Auto is ordered to respond to Plaintiffs' Interrogatory 12 and Requests for Production 4, 5, 8, and 17, but is only required to provide responses and documents which were in use between the time TSM filed the Subject Claim with State Auto and the time TSM filed the instant lawsuit.

    **2. Documents Related to State Auto's Affirmative Defenses**[2]

Plaintiffs' interrogatories request State Auto to describe the basis for every affirmative defense State Auto intends to rely upon at trial. Under Federal Rule of Civil Procedure 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Parties are not, however, required to turn over attorney work product which includes "counsel's mental impressions, conclusions, opinions or legal theories." *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). However, the underlying facts of attorney work product are not protected under the work-product doctrine. *Onwuka v. Fed. Express Corp.*,

---

[2] This category of information is sought through Interrogatory 16 (Doc. 38-2, pp. 10-11).

178 F.R.D. 508, 512-13 (D. Minn. 1997) (citations omitted). As such, State Auto is compelled to disclose to Plaintiff the facts forming the basis for each affirmative defense State Auto intends to argue at trial. As for State Auto's argument that discovery is ongoing and it should not be required to answer until discovery is closed, State Auto is reminded that under Rule 26(e) it has the duty to supplement its discovery response if the disclosed information is learned to be incomplete or incorrect. If later discovery alters the answer State Auto would give to this interrogatory, it has a duty under the Rules to supplement its response accordingly.

### 3. Documents Used for Impeachment[3]

Plaintiffs seek documents State Auto intends to use to impeach Plaintiffs' witnesses. It is unclear to the Court exactly which documents are at issue. State Auto states it "asserts a claim of work-product with relation to which exact documents it will use for impeachment, but is not withholding any documents." (Doc. 41, p. 7). However, "the work product doctrine protects documents and tangible things, [and] the underlying facts are not protected." *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 366 (D. Neb. 2004). State Auto may not assert a claim of work product privilege in relation to documents that it has apparently previously disclosed to Plaintiffs, and State Auto's belief about which documents are responsive to Plaintiffs' request for production is not a document or tangible thing which the work product privilege shields from discovery. Therefore, State Auto is compelled to identify documents responsive to Request for Production 25.

### 4. Job Evaluations[4]

---

[3] This category of information is sought through Request for Production 25 (Doc. 38-2, p. 18).

[4] This category of information is sought through Interrogatory 8 (Doc. 38-2, pp. 7-8).

4

Plaintiffs requested information regarding whether any State Auto employees involved in TSM's claim received any negative job evaluation or involuntarily left employment in the last two years. Though State Auto argues this interrogatory is overbroad and irrelevant, the Court finds that such a request is directly relevant to Plaintiffs' claim of bad faith and is sufficiently tailored to only employees who were involved in evaluating Plaintiffs' claim. To the extent State Auto argues that the personal and private information contained in personnel files should not be disclosed, State Auto may file a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) to limit public disclosure of any sensitive information.

### 5. Reliance Upon Agents and Experts[5]

Plaintiffs propounded two interrogatories seeking information on State Auto's financial relationship with experts and the identity of third parties who provided State Auto information on the Property prior to it being insured by State Auto. Though State Auto argues this information reaches into other claims with no relation to Plaintiffs' claims, thus creating an undue burden, the financial relationship between a party and its experts is a common means of impeaching said experts while testifying. The disclosure of such information thus does not place an undue burden on State Auto, and State Auto is compelled to respond to Interrogatory 11. However, to the extent State Auto claims there are no third parties it consulted prior to insuring the Property, the Court finds that Interrogatory 23 has been answered and therefore no ruling is necessary.

Plaintiffs also request information on the number of times State Auto has solicited opinions from experts used in this case to inspect other properties for hail damage in Arkansas, and how many times State Auto has issued replacement cost value on those other claims. State Auto argues

---

[5] This category of information is sought through Interrogatories 11, 17, 18, and 23 (Doc. 38-2, pp. 9-12).

that compiling this information would create an undue burden on State Auto.  However, "[a] party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (quoting *Doe v. Nebraska*, 788 F. Supp. 2d 975, 981 (D. Neb. 2011)).  "Rule 26 requires 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Id.* (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).  State Auto has provided the Court with no evidence demonstrating why answering Interrogatories 17 and 18 would be unduly burdensome for State Auto, and is compelled to respond to said interrogatories.

### 6. Insurance Policies[6]

Plaintiffs seek certified copies of all insurance policies and declaration pages issued by State Auto to TSM in force during the Subject Claim or for the prior 10 years.  State Auto states that it will produce documents responsive to this request for production, and therefore no ruling is necessary.

### 7. State Auto's Financial Condition[7]

Plaintiffs seek a balance sheet or income statement evidencing the financial condition of Defendant for each year since and including 2019.  "It is well-established that under federal law, evidence of the defendants' financial worth is relevant to a claim for punitive damages" and "[a] plaintiff seeking punitive damages is entitled to engage in discovery relating to the defendant's financial worth in advance of trial." *N. Dakota Fair Hous. Council, Inc. v. Allen*, 298 F. Supp. 2d

---

[6] This category of information is sought through Request for Production 6 (Doc. 38-2, p. 6).

[7] This category of information is sought through Request for Production 28 (Doc. 38-2, p. 19).

6

897, 899 (D.N.D. 2004). Defendant argues Plaintiffs' request is oppressive and unduly burdensome and further argues that because punitive damages are not typically awarded in breach of contract cases this information is irrelevant. However, State Auto neglects the fact that Plaintiffs have also alleged a claim for the tort of bad faith, for which punitive damages are available. Further, State Auto has provided no evidence of how producing financial records from 2019 onward is unduly burdensome. As stated above, if State Auto wishes to move for a protective order limiting the public disclosure of this information, it must do so in a properly supported and briefed motion. State Auto is compelled to respond to Request for Production 28.

**8. State Auto's Claim Reserves or Financial Information**

"Reserves are an insurer's estimates of potential losses due to claims on its policies." *Meighan v. TransGuard Ins. Co. of Am.*, 298 F.R.D. 436, 444 (N.D. Iowa 2014) (quoting *Burke v. Ability Ins. Co.*, 291 F.R.D. 343, 349 (D.S.D. 2013)). The Eighth Circuit has stated that "individual or specific case reserves may be protected by the work product privilege if they are prepared in anticipation of trial or for litigation." *Burke*, 291 F.R.D. at 349 (*Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987)). "There is no protection for documents prepared in the regular course of business." *Progressive Cas. Ins. Co. v. F.D.I.C.*, 302 F.R.D. 497, 501 (N.D. Iowa 2014).

Here, in its privilege log State Auto states that the document at issue, identified as SAIC 000297, is dated August 6, 2020. (Doc. 38-4, p. 5). According to the amended complaint, State Auto submitted its estimate for the replacement cost value regarding the Subject Claim to TSM on July 31, 2020. Plaintiffs' then state that after this replacement cost value was provided "TSM assigned recovery of the insurance claim to 4 Star General Contracting, Inc. to continue the pursuit of a recovery." (Doc. 20, p. 3, ¶ 9). The Plaintiffs go on to allege that "[b]ecause the parties were at an impasse regarding the scope of the work to be performed at the Property, 4 Star then

7

demanded that State Auto participate in the contractual appraisal process to resolve the dispute as to the amount of loss." *Id.* at ¶ 10. On December 8, 2020, State Auto sent Plaintiffs a letter refusing to participate in the previously demanded contractual appraisal process. Because the appraisal process had been invoked, the Court finds that SAIC 000297 was prepared in anticipation of litigation and is therefore protected by the work product doctrine. State Auto will therefore not be compelled to produce this document.

**IV.   Conclusion**

IT IS THEREFORE ORDERED that Plaintiffs' motion (Doc. 38) to compel discovery is GRANTED IN PART and DENIED IN PART, as stated herein.

IT IS SO ORDERED this 16th day of May, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE